# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ELIZABETH T. ZAGAJESKI, BAR NO.
10808.

No. 71047

**FILED**

DEC 12 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Elizabeth T. Zagajeski.[1] Under the plea agreement, Zagajeski has agreed to a five-year suspension with three years stayed.

The record before this court indicates that between 2010 and 2013, Zagajeski agreed to represent nine clients, accepted fees from most of them, failed to communicate with most of them, and failed to complete work on their behalf. Zagajeski failed to respond to the bar complaints

---

[1]On February 17, 2016, this court entered a temporary suspension of Zagajeski under SCR 111(7) pending the disciplinary proceedings. Additionally, Zagajeski has been administratively suspended for failing to pay annual bar license fees and to comply with mandatory continuing legal education requirements.

16-38346

filed by most of those clients and abandoned her practice. She was also convicted of two misdemeanors for battery/domestic violence, two failures to appear after an admission to bail or release without bail, and a misdemeanor for nonsufficient funds on a check for less than $650.

The panel concluded that Zagajeski had nine violations of RPC 1.1 (competence), one violation of RPC 1.2 (scope of representation), eight violations of RPC 1.3 (diligence), eight violations of RPC 1.4 (communication), eight violations of RPC 1.5 (fees), seven violations of RPC 1.15 (safekeeping property), one violation of RPC 1.15 (safekeeping property; returning client file), eight violations of RPC 1.16 (declining or terminating representation), seven violations of RPC 8.1 (bar admission and disciplinary matters), and one violation of RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness to practice law). The panel found two aggravating factors–a pattern of misconduct and multiple offenses–and five mitigating factors: (1) absence of prior disciplinary record, (2) personal or emotional problems, (3) mental disability or chemical dependency including alcoholism or drug abuse, (4) remorse, and (5) cooperative attitude towards the bar proceedings.

Thus, the panel recommended this court approve the conditional guilty plea agreement, under which Zagajeski would be suspended for five years, with three years stayed subject to the following probationary conditions: (1) Zagajeski attend and comply with NPAP protocol; (2) she is prohibited from engaging in the solo practice of law; (3) she obtain a mentor, who will submit quarterly reports to the State Bar; and (4) she shall not be subject to any new findings of misconduct

 

warranting discipline. Additionally, Zagajeski must pay restitution as described in her plea agreement, engage in binding fee dispute arbitration with one of the complaining clients, and pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries.

Based on our review of the record, we conclude that the conditional guilty plea agreement should be approved. SCR 113(1). Considering the duties violated and the aggravating and mitigating circumstances, we conclude that the five-year suspension, with three years stayed subject to the above-listed probationary conditions is sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). Accordingly, we hereby suspend Elizabeth T. Zagajeski from the practice of law in Nevada for a period of five years commencing from the date of this order, with three years of the suspension stayed. Zagajeski may petition for reinstatement under SCR 116 after serving two years of the suspension. Upon reinstatement, she shall be subject to the remaining three-year stayed suspension during which she must comply with the following probationary conditions: (1) attend and comply with NPAP protocol; (2) not engage in the solo practice of law; (3) obtain a mentor, who must submit quarterly reports to the State Bar; and (4) not be subject to any new findings of misconduct warranting discipline. Failure to comply with any of the probationary conditions shall be considered a material breach and result in an order to show cause why the stay should not be lifted. Additionally, Zagajeski must pay restitution as described in her plea

agreement, engage in binding fee dispute arbitration with one of the complaining clients, and pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Stiglich

[2]We further order the clerk of this court to remove the confidential designation from this matter as it does not meet any of the confidentiality exceptions outlined in SCR 121.

Additionally, because good cause has not been shown and no court order has been entered sealing the record, the clerk of this court shall unseal the record unless one of the parties files a motion demonstrating good cause for the sealing of a portion of the record within 30 days from the date of this order. *See* SCR 121(12) (providing that unless the matter is confidential, "all filed documents and arguments in lawyer discipline proceedings in the supreme court shall be public, unless for good cause shown, the supreme court enters an order sealing all or part of the record in the court").

cc: Chair, Southern Nevada Disciplinary Board
Law Offices of Philip J. Trenchak, Esq.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court